**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| JOSE SANCHEZ VIERA,<br>*Plaintiff,*<br><br>ENTRAVISION COMMUNICATIONS<br>CORPORATION,<br>*Defendant.* | §<br>§<br>§  Case M-08-091<br>§<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Jose Sanchez Viera, hereinafter called Plaintiff, complaining of and about

Entravision Communications Corporation, hereinafter Defendant, and for cause of action shows

the Court the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.

### PARTIES AND SERVICE

1. Plaintiff, Jose Sanchez Viera, is an individual residing in Jim Wells County, Texas.

2. Defendant Entravision Communications Corporation is a corporation incorporated in

Delaware and doing business in Texas.

### III.

### JURISDICTION AND VENUE

1. The subject matter in controversy is within the jurisdictional limits of this Court.

2. The Court has jurisdiction over the parties, as Defendant does business in Texas.

3. Venue is properly laid in this Court.

IV.

FACTS

1.  On February 14, 2007, Defendant broadcast a news program entitled, "Combatiendo el Crimen." This program reported on local law enforcement agencies uniting to fight drug trafficking in the area. A news reporter and camera crew, employed by Defendant, rode with Lieutenant Martinez of the Jim Well County Sheriff's Department to conduct traffic stops. Plaintiff was pulled over by the officer for failure to have a front license plate. It was at this time defamatory statements were made concerning Plaintiff. The broadcast accused Plaintiff of being caught with cocaine on other occasions. Specifically, Defendant aired video wherein Lieutenant Martinez informed the reporter that this young man had been caught with cocaine on other occasions.

2.  Although Plaintiff's name was not mentioned, viewers of the broadcast understood that the statements referred to Plaintiff. In particular, family members, friends and relatives of friends were able to identify him and his vehicle.

V.

LIABILITY OF ENTRAVISION COMMUNICATIONS CORPORATION

1.  The defamatory statements were entirely false because Plaintiff's Viera has never been charged with the offense of possession of cocaine on any occasion.

2.  The defamatory statements constitute defamation per se in that the false accusation alleged Plaintiff Viera had committed the criminal act of possession of cocaine.

3.  The statements were published when they were broadcast over state Univision Karo 28 on February 14, 2007. This station's broadcasts reached and were heard by a large number of people in the South Texas and Coastal Bend area.

2

4. Defendant was the author of the broadcast and acted wrongfully in the publication of the defamatory statements. They failed to check the accuracy of the accusation with Plaintiff or with the public records by the FAA. Such actions and omissions amounted to negligence, recklessness, or intentional misconduct.

5. Defendant was the owner and operator of the broadcast station and acted wrongfully in the publication of the defamatory statements in that it permitted the statements to be published. It failed to establish and enforce industry-standard rules requiring reporters to confirm the facts with at least two independent, reliable sources, confirm facts with all persons affected by a story, and confirm facts with the available public records or it knew or should have known that the defamatory statements were likely to be inaccurate. Such action amounts to negligence, recklessness, or intentional misconduct.

6. Furthermore, Defendant published the defamatory statements with actual malice, in that they acted with reckless disregard as to the truth or falsity of the statements.

7. Prior to the publication of this broadcast, Plaintiff had a good reputation in his hometown and surrounding area.

8. The publication of this broadcast resulted in actual injury to Plaintiff in that he has suffered some shame, embarrassment, humiliation, and mental pain and anguish. Additionally, Plaintiff is and will in the future be seriously injured in his good name and reputation in the community, and exposed to the hatred, contempt, and ridicule of the general public, as well as of friends and relatives.

VI.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, Judgment be entered for Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of defamation through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court: and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICE OF DANIEL SANTOS**

/s/ Daniel Santos
DANIEL SANTOS
Attorney-In-Charge
Texas Bar No. 24034666
SD Fed ID No.: 37664
Crosspointe Centre
4409 N. McColl
McAllen, Texas  78504
Tel: (956) 630-5781
Fax: (956) 630-0872

***Attorney for Jose Sanchez Viera***

**Of Counsel:**

Terry Canales
State Bar No.: 24052947
SD Fed ID No.: 770449
**SOLIS & CANALES, L.L.P.**
812 S. Closner Blvd.
Edinburg, Texas 78539
Tel: (956) 316-2223
Fax: (956) 316-2229

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument is

being served according to the Federal Rules of civil Procedures this 30th day of May, 2008 on:

Carolyn Russell
**OGLETREE, DEAKINS, NASH, SMOAK**
**& STEWART, PC**
500 Dallas Street, Suite 300
Houston, Texas  77002


_____ /s/ Daniel Santos _____



Dated: 05/30/2008